LOUIS H. SEYLAZ et al., complainants-appellants,

*v.*

IDA SUTPHEN BENNETT et al., defendants-respondents.

[Argued October term, 1947. Decided January 29th, 1948.]

*Mr. Abram A. Golden,* for the complainants-appellants.

*Mr. Michael Breitkopf (Mr. Irving Siegler,* of counsel), for the defendants-respondents.

The opinion of the court was delivered by

WACHENFELD, J.

This is an appeal from two orders, one designating a day for hearing of the cause in question and the other denying

a motion to strike the answer to the amended and supplemental bill.

The original bill was filed in June, 1945, against Ida S. Bennett but after answering, on March 7th, 1946, she died and a year thereafter the amended and supplemental bill was presented, naming as defendants therein the executor and beneficiaries of her will. The bill is to set aside the conveyance of a piece of real estate and to recover a sum of money.

The defendants answered pleading ignorance of and in the alternative denying the vital allegations of the bill. The complainants moved to strike the answer upon the ground that it was sham. The Vice-Chancellor observed that the affidavits in support of the motion could not be considered competent evidence relating to the transfer to Mrs. Bennett of the residence. He then held:

"The defendants, being ignorant of the transactions under attack, presented no affidavits on the motion to strike. Indeed, all the parties are in the unfortunate position of having no first-hand knowledge of the matters in controversy.

"It seemed to me that the case ought not be decided on affidavits taken *ex parte* and without cross-examination."

The practice of striking a sham defense in Chancery is statutory and intended to prevent the impeding of justice by false pleadings. It will not be allowed, however, to prevent a full development of a case by the taking of testimony and the cross-examination of witnesses where in the opinion of the court this is necessary or advisable in order to guard against an injustice. *Datz* v. *Barry, 115 N. J. Eq. 84.*

The record shows quite convincingly that the Vice-Chancellor intended to prevent a miscarriage of justice and to afford the litigants a full and complete hearing and their day in court. We are unable under these circumstances to find any justification for disturbing the orders entered.

The orders appealed from are affirmed.

*For affirmance*—The Chief-Justice, Bodine, Donges, Heher, Colie, Wachenfeld, Eastwood, Burling, Wells, Dill, Freund, McLean, Schettino, JJ. 13.

*For reversal*—None.